STATE OF IOWA, appellee, v. EDWARD LECKENBY, appellant.

No. 52131.

(Reported in 151 N.W.2d 567)

JUNE 6, 1967.

Larry J. Conmey, of Anamosa, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and Robert R. Beckmann, County Attorney, for appellee.

SNELL, J.—Edward Leckenby, under commitment to and an inmate of the Men's Reformatory at Anamosa was charged, tried to a jury, convicted and sentenced for the crime of escape. He has appealed.

The information charged that defendant "having been committed to the Men's Reformatory at Anamosa, Jones County, Iowa, and while so committed, did escape from and leave without due authority Farm No. 1, the farm and place in which he was placed or to which he was directed to go, or in which he was allowed to be by the warden and officers and employees of said prison and reformatory, contrary to the provisions of Chapter 745.1 of the 1962 Code of Iowa."

The only questions are the admissibility and sufficiency of the evidence to convict.

It appears without dispute that defendant was under commitment to the Men's Reformatory. On July 12, 1965, he was assigned as an extra helper to do odd jobs around the slaughterhouse on the Reformatory Farm No. 1. He was told to cut weeds. He was told by the guard in charge of the work detail to not go beyond a designated tree which was approximately 150 feet northwest of the slaughterhouse. He was last seen at about 10:30 a.m. cutting weeds along the slaughterhouse. He was not among the men reporting for dinner at about 11 a.m. He had not been given any authority to leave his job of cutting weeds and when he was finished cutting weeds he was supposed to go to dinner.

When defendant was missing the area was searched. Defendant was not found in the area. Some tracks were seen leading northwest along a river on the State Farm and away from

the prison. An alarm for a suspected escape was turned in. Defendant was apprehended at about 4:20 p.m. the same day.

Over objections by defendant's counsel there was testimony as to where defendant was found. The State challenges the sufficiency and timeliness of the defendant's objections. We have considered the evidence and conclude that it was admissible.

The farm superintendent, an employee of the reformatory, patroled the area in a car equipped with a radio. He testified that together with another guard he came upon the defendant "right in the middle of the highway" "immediately north of Farm No. 1", walking east down the middle of "Old Quarry Road", the road "that's immediately north of the State cemetery."

Substantially the same testimony was given by a guard who was with the superintendent when defendant was found.

Questions and answers set out in the record refer to Stone City Road, Old Quarry Road, a T-intersection and the State cemetery. It is apparent that the participants in the trial court were thoroughly familiar with landmarks and locations. However, it is suggested that for conciseness during trial and for appellate review a better orientation would be helpful.

From the evidence it appears without contradiction that defendant when found had been absent from where he was directed to stay and be for over five hours and was walking away from the prison on a road north of the farm.

There was ample evidence from which the jury could find beyond a reasonable doubt that defendant was in violation of the statute.

During oral presentation of this appeal, in response to a question from the bench, it was admitted that the road where defendant was apprehended and the roads referred to were outside the fence enclosing the State Farm. Our understanding of the local geography and the record was thus confirmed.

I. Section 745.1, Code of Iowa, provides:

"If any person committed to the * * * men's * * * reformatory shall * * * escape from or leave without due authority any * * * farm, * * * or any place whatsoever in which he is placed or to which he is directed to go or in which he is

allowed to be by the warden or any officer or employee of the prison whether inside or outside of the prison walls, he shall be deemed guilty of an escape * * *."

Defendant left without due authority the place in which he was placed and where he was directed to go and allowed to be. There was evidence to support a finding that he was in violation of the statute.

■ II. Defendant challenges the admissibility and sufficiency of the evidence as to boundaries of State Farm No. 1. Neither the title nor legal description of the farm was in issue.

On cross-examination the farm superintendent admitted that he was not a licensed engineer, had never surveyed the farm nor read the abstract or deed. That did not make his testimony that defendant was north of the farm inadmissible. If defendant, without authority, walked away from the limits of where he was supposed to be and was found north of what was known as State Farm No. 1 he was in violation of the express words of the statute. Professional knowledge by the witness as to the area of the farm, the legal description thereof or the legally exact location of boundaries was not required. He could and did state where he found defendant in relation to where he was permitted to be.

III. The statute is explicit and strict. Under its provisions it is for the warden or officer under him to say where an inmate may be and how far he may go. In the case at bar the evidence as to where defendant was directed to stay is undisputed.

Defendant disappeared from where he was directed to stay and go. When found he was north of what was called "The Farm." The witnesses were testifying as to facts, not opinions.

■ IV. The essential elements to prove escape are simple. Proof of intent is not required. State v. Wharff, 257 Iowa 871, 875, 134 N.W.2d 922.

In the case before us there was evidence of commitment, limitation on where defendant might go, violation of restrictions by defendant, leaving without authority and apprehension beyond the area of the farm. The evidence was sufficient to support the jury verdict.

V.   Defendant was a witness in his own behalf but testified only as to his physical infirmities and the reformatory officials' knowledge thereof. There is no claim of invasion or violation of any constitutional right.

VI.   We find no error in the record.

The case is—Affirmed.

All JUSTICES concur.