Carl RADOSEVICH, William J. Treneman, Tom Graham, and Board of Park Commissioners of the City of Ottumwa, Appellees,

v.

The CITY OF OTTUMWA, Richard M. Hofmann, Mayor, Virgil Johnson, Jr., M. Z. Bailey, Paul Heckart, Jr., Paul Troeger, Councilmen of the City of Ottumwa; Genevieve Howard, City Clerk of the City of Ottumwa, Appellants.

No. 53134.

Supreme Court of Iowa.

Jan. 13, 1970.

William R. Dew, City Atty., Ottumwa, for appellants.

Walter F. Johnson, of Johnson & Bauerle, Ottumwa, for appellees.

SNELL, Justice.

We are faced with a legislative anomaly arising because of the dissonant provisions of the law relating to cities and towns.

The sole question, strictly statutory, is whether the city council exceeded its authority in ordaining the abolition of the Park Board.

It should be kept in mind that we have no authority to either enact or repeal legislation. That authority is vested in the General Assembly.

In the case before us there is no dispute as to the facts.

The City of Ottumwa is a municipal corporation having a population in excess of 30,000 operating under the Commission form of government prescribed by chapter 363B, Code 1966. This form of government was invoked by election in 1960 and has persisted since January 1, 1962 as a replacement of the Council-Manager form theretofore in force. The defendants-appellants are the city and the duly elected,

qualified and acting councilmen of the City of Ottumwa and the duly appointed, qualified and acting city clerk.

We are told in the briefs that Ottumwa is one of only three cities in Iowa governed by this chapter of the Code.

On January 2, 1968, the city council of Ottumwa by new ordinances attempted to abolish the Board of Park Commissioners which had been established since 1949, pursuant to chapter 370, Code 1966.

Plaintiffs-appellees, the duly elected members of the Board of Park Commissioners, brought an action by certiorari challenging the legality of the council's action.

Based upon an agreed Stipulation of Facts, the cause was submitted on written briefs. The trial court sustained the Writ of Certiorari, holding that the city council and members thereof exceeded their proper jurisdiction and otherwise acted illegally in attempting to abolish the Board of Park Commissioners.

This appeal followed.

■ We affirm, albeit with some reluctance because the result is a duplication of authority not necessarily conducive to harmony in municipal government.

I. Chapter 363B, Code of 1966, under which the defendant City is currently organized, relates to commission form of government.

Section 363B.1 provides:

"Cities of 30,000 or more population. Municipal corporations operating under the commission form of government, and having a population of thirty thousand or over *shall* be governed by a council, consisting of a mayor and four councilmen elected at large. One councilman *shall* be elected to preside over the department of accounts and finances. One councilman *shall* be elected to preside over the department of public safety. One councilman *shall* be

elected to preside over the department of parks and public property. One councilman *shall* be elected to preside over the department of streets and public improvements."

The repeated use of the mandatory word "shall" should be kept in mind. The emphasis throughout is added.

Section 363B.4 provides:

"Departments. The executive and administrative powers, authority, and duties in such cities *shall* be distributed into and among five departments, as follows:

"1. Department of public affairs.

"2. Department of accounts and finances.

"3. Department of public safety.

"4. Department of streets and public improvements.

"5. Department of parks and public property."

Chapter 368, Code of 1966, relates to general powers of cities and towns. Section 368.42 provides:

"General law applicable to special forms of government. Except as otherwise specifically provided, all laws heretofore or hereafter enacted which by their terms are made applicable to municipal corporations generally, shall be applicable to municipal corporations organized and operating under the commission form of government * *."

Chapter 370, Code of 1966, relates to park commissioners. The provisions thereof pertinent to this appeal are the same as in Chapter 370, Code of 1950. Those provisions are:

Section 370.1: "Election-appointment. There *shall* be elected in all cities over thirty thousand population, three park commissioners whose terms of office shall be six years, one to be elected at each regular municipal election. * * *

"All other cities under thirty thousand population and towns may, by ordinance

provide for the election of such park commissioners, * * *.

"Any city operating under the commission form of government having a department of parks and public property under a commissioner elected as superintendent thereof may, in its discretion whenever its population exceeds thirty thousand, *so continue without* electing the park commissioners required by this chapter. * * *" (Emphasis added.)

Section 370.20: "Jurisdiction. The jurisdiction of such board *shall* extend over all lands used for parks within or without the corporate limits, and all ordinances of such cities and towns shall be in full force and effect in and over the territory occupied by such parks."

As noted, Ottumwa had established its park commission under chapter 370, in 1949; it could not therefore qualify for the exception created in the third paragraph of section 370.1.

II. The law applicable to government of cities by commission in 1949 appeared as chapter 416, Code of 1946. The applicacable parts also appeared in the Code of 1950.

Section 416.88 of the 1946 and 1950 Codes provided:

"The council. The council shall have and possess, and the council and its members shall exercise, all executive, legislative, and judicial powers and duties now had, possessed, and exercised by the mayor, city council, solicitor, treasurer, auditor, city engineer, and other executive and administrative officers in cities of the first and second class, and in cities under special charter, and shall also possess and exercise all executive, legislative, and judicial powers and duties now had and exercised by the park commissioners, * * *."

Section 416.105, Codes 1946 and 1950, provided:

"Parks and park commissioners. The provisions of chapter 370, relating to parks and park commissioners, *may* be applicable to and be in force in cities and towns organized under the provisions of this chapter to the same extent and effect that such provisions are applicable to and in force in cities and towns of the same class organized under the general laws of the state, provided that an ordinance is passed providing for the election of three park commissioners in the manner prescribed in section 370.1. The board of park commissioners, if created in the manner herein prescribed, shall have and may exercise all powers conferred upon them by the provisions of said chapter." (Emphasis added.)

All provisions of chapter 416 in the 1950 Code relating to government of cities by commission were repealed or transferred in 1951 by the 54th General Assembly. There is now no chapter 416 in our present Code.

As noted, supra, cities operating under a commission form of government, such as appellant, now do so under the authority of chapter 363B, Code of 1966.

III. Appellants rely heavily on Eckerson v. City of Des Moines, 137 Iowa 452, 115 N.W. 177. That opinion, written in 1908, contains language which would otherwise support their contention that they acted legally and within their statutory authority in abolishing the park commission, were it not for the fact that certain statutes upon which Eckerson rested have since been amended or repealed.

Chapter 363B, as we have said, does not contain all of the provisions of the prior statutes. Section 416.105 was repealed entirely by Acts 1951 (54th General Assembly) chapter 151, section 44. Section 416.-88 was also repealed to the extent relevant here by Acts 1951 (54th General Assembly) chapter 145, section 65. Eckerson cannot be harmonized with our more recent pronouncements under current statutes.

IV. Appellants have called our attention to section 363B.6, which provides:

"Existing ordinances. All ordinances and resolutions lawfully passed and in force in any such city under its former organization *shall* remain in force until altered or repealed by the council elected under the provisions of this chapter."

We need but say in response that the authority to alter or repeal an ordinance does not authorize the same with respect to a statute, e. g., section 370.1.

V. It is obvious that the provisions of chapters 363B and 370 are not in harmony as a practical matter. Each has mandatory provisions. Each provides for the management of and jurisdiction over the city parks. In neither is there any provision authorizing excepton to the other by ordinance as was attempted by appellants here. Cf., section 363C.15.

But however dissonant, we cannot say absolutely that these two chapters of the Code are inconsistent, at least not in the sense that one must by implication be held to repeal the other. In chapter 363B, there is no clear indication that the counsel *must* exercise jurisdiction over parks *to the exclusion* of any other authority. Thus viewed, it is reasonable to assume that from the coexistence of chapters 363B and 370, the legislature may have intended cooperative jurisdiction to be exercised by the council and park commissioners. See Board of Park Commissioners v. City of Marshalltown, 244 Iowa 844, 58 N.W.2d 394, as to exclusive authority of park commissioners to certify amount to be levied as taxes.

In Yarn v. City of Des Moines, 243 Iowa 991, 997, 54 N.W.2d 439, 442, we said:

"Repeals by implication are not favored by the courts and will not be upheld unless the intent to repeal clearly and unmistakably appears from the language used and such a holding is absolutely necessary. * * [Citations]

"The rule that repeals by implication are not favored has special application to important public statutes of long standing. [Citations]"

Further citation of authority for this well-recognized rule is scarcely required.

"Courts may not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute." Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431 and authorities cited therein. See also Sueppel v. City Council of Iowa City, 257 Iowa 1350, 136 N.W.2d 523.

VI. Our latest pronouncement in the area of the authority of a city council to abolish a park commission appears in Sueppel v. City Council, etc., supra. There we upheld the authority of a city council under a city-manager form of government to abolish the park commission.

Cities under council-manager form of government operate under a special chapter of the Code, chapter 363C. In that chapter section 363C.15 provides:

"Termination of minor positions. Except the members of the library board, whose terms of office shall continue as now provided by law, the terms of office of all other officers, including park commissioners and waterworks trustees, whether elected or appointed, and of all employees of such city or incorporated town, shall be subject to the action of the council or manager."

In Sueppel, we said:

"Section 363C.15 is a reconcilable exception to chapter 370 and when the statutes are so construed both still stand."

There is no such exception in chapter 363B.

The trial court is affirmed.

Affirmed.

All Justices concur.