STATE of Iowa, Petitioner,

v.

Honorable Harold D. VIETOR, Judge of the 6th Judicial District of Iowa, Respondent.

No. 55897.

Supreme Court of Iowa.

July 3, 1973.

Rehearing Denied Sept. 13, 1973.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Thomas M. Martin, Asst. County Atty., for petitioner.

John W. Hayek, Joseph C. Johnston and Preston M. Penney, Iowa City, for respondent.

MOORE, Chief Justice.

This is an original certiorari proceeding instituted by the State challenging the legality of respondent Judge's ruling construing two sections of the Iowa Controlled Substance Act, enacted by the Six-

ty-Fourth General Assembly in 1971. We sustain the writ.

On September 19, 1972 county attorney's informations were filed in Johnson County District Court charging Jeffrey Lenox Kint (No. 5739), Jerrold Sies (No. 5738) and John Scott (No. 5717) with various and unrelated incidents of the crime of delivery of a schedule I controlled substance in violation of what is now designated section 204.401(1), The Code, 1973.

During October 1972 each defendant filed a demurrer alleging sections 204.-401(1) and the statute now designated section 204.410 are unconstitutional because they create two offenses and require an accused to prove he is not guilty of the greater offense; they shift the burden of proof in violation of due process; they abridge an accused's right to a jury trial; they abridge an accused's right to freedom from self-incrimination and because section 204.401 includes an unconstitutional assumption an accused is not an accomodator.

As material here section 204.401(1) provides:

"Except as authorized by this chapter it is unlawful for any person to * * * deliver * * * a controlled substance * * *.

"a. (1) A substance classified in Schedule I or II which is a narcotic drug, is guilty of a public offense and upon conviction shall be punished by imprisonment in the penitentiary for not to exceed ten years and by a fine of not more than two thousand dollars."

Section 204.410 provides:

"Any person who enters a plea of guilty to or is found guilty of a violation of section 204.401, subsections 1 or 2, may move for and the court shall grant a further hearing at which evidence may be presented by the person, and by the prosecution if it so desires, relating to the nature of the act or acts on the basis of which the person has been convicted. If the convicted person establishes by clear and convincing evidence that he delivered or possessed with intent to deliver a controlled substance only as an accomodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled or counterfeit substance to become addicted to or dependent upon the substance, the court shall sentence the person as if he had been convicted of a violation of section 204.401, subsection 3."

Section 204.401(3) makes possession of a controlled substance, subject to the enumerated exceptions therein, unlawful. As material here it provides:

"* * * Any person who violates this subsection is guilty of a misdemeanor, and upon conviction shall be punished by imprisonment in the county jail for not to exceed one year, or by a fine of not more than one thousand dollars or both such imprisonment and fine. * * *. All or any part of a sentence imposed pursuant to this section may be suspended and the person placed upon probation under such terms and conditions as the court may impose including the active participation by such person in a drug treatment, rehabilitation or educational program approved by the court."

The State's resistance to the demurrers denied each ground of the alleged unconstitutionality of the two statutes involved. The thrust of the State's resistance was, and is here, that section 204.401(1) creates the offense and section 204.410 establishes only a postconviction procedure.

By agreement of all parties the three demurrers were submitted together to respondent Judge. On November 8, 1972 he filed identical "Ruling on Demurrer and Orders" in each case.

Respondent Judge held section 204.-401(1) and section 204.410 create two of-

fenses, a felony and a misdemeanor which he defined as:

"1. The felony offense of delivery of a controlled substance, with intent to profit thereby or to induce the recipient of the controlled substance to become addicted to or dependent upon the substance.

"2. The misdemeanor offense of delivery of a controlled substance only as an accomodation to another individual and not with intent to profit thereby nor to induce the recipient of the controlled substance to become addicted to or dependent upon the substance."

He held the two sections operate to relieve the State of the burden of proving to a jury beyond a reasonable doubt an essential element of the felony offense, namely an accused's intent to profit by the delivery of the controlled substance or to induce the recipient to become addicted to or dependent upon the controlled substance. He further held the statutes required an accused to prove the negative of these issues and deprived the accused of a jury trial in respect thereto, thus violating an accused's right to due process of law.

Respondent Judge did not hold the sections totally void. He did not sustain the demurrers. He stated and held the unconstitutional infirmities of the statutes to be fatal to the prescribed manner of trial and burden of proof, but remain valid insofar as they define the felony and misdemeanor offenses. He concluded: "At the trial of this case the burden will rest upon the State to prove to the jury beyond a reasonable doubt all essential elements of the offense charged."

We have granted the State's petition for a writ of of certiorari which alleges respondent Judge acted illegally, in each of the now three consolidated cases, in construing the two Code sections together and in requiring the State to prove additional elements in the pending charges.

I. If respondent Judge correctly construed the two Code sections it necessarily follows section 204.410 is unconstitutional. The Sixth Amendment to the United States Constitution and Article I, Section 9 of the Iowa Constitution guarantee an accused the right to a jury trial. The Due Process Clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Re Winship, 397 U.S. 358, 364, 375, 90 S.Ct. 1068, 25 L.Ed.2d 368. Proof of an essential element of a charged crime may not be shifted to an accused. Stump v. Bennett, 8 Cir., 398 F.2d 111, cert. den., 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466; State v. Galloway, Iowa, 167 N.W.2d 89. These well-established legal principles, however, have application only in the trial of and proof of the essential elements of the crime charged. Therefore the primary and decisive question now presented is the proper construction to be given the two Code sections involved.

II. The general rules of statutory construction are well established. The primary rule is the court must ascertain and give effect to the intention of the legislature. Jahnke v. Incorporated City of Des Moines, Iowa, 191 N.W.2d 780, 787; In Re Estate of Millers, Iowa, 159 N.W.2d 441, 443. In discovering legislative intent we consider the language used in the statute, the objects sought to be accomplished, the evils and mischief sought to be remedied and place a reasonable construction on the statute which will best effect its purpose rather than one which will defeat it. Crow v. Shaeffer, Iowa, 199 N.W.2d 45, 47 and citations.

In State ex rel. Turner v. Koscot Interplanetary Inc., Iowa, 191 N.W.2d 624, 629, we say:

"The legislature is free to enact any law provided it is not clearly prohibited by some provision of the Federal or State Constitution. It is not for the ju-

dicial branch of government to determine whether any legislative enactment is wise or unwise. And every reasonable presumption must be indulged in support of a controverted Act, any doubts being resolved against the challenging party. We must also look to the object to be accomplished, evils sought to be remedied, or purpose to be subserved in the interpretation of a statute, according to it that reasonable and liberal construction which will best serve to attain such object rather than one which will defeat it. (Citation)."

In construing statutes, the court searches for the legislative intent as shown by what the legislature has said rather than what it should or might have said. McKillip v. Zimmerman, Iowa, 191 N.W.2d 706, 709; Shriver v. City of Jefferson, Iowa, 190 N.W.2d 838, 839.

"The legislature is in the exercise of its very proper power and duty in defining crime and prescribing the method of procedure for its punishment." State ex rel. Fletcher v. District Court, 213 Iowa 822, 835, 836, 238 N.W. 290, 296. Courts may not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute. Davenport Water Co. v. Iowa State Commerce Com'n., Iowa, 190 N.W.2d 583, 594, 595; Radosevich v. City of Ottumwa, Iowa, 173 N.W.2d 522, 525; Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431, 433 and citations.

III. With these rules in mind we turn our attention first to section 204.-401(1). It seems clear the legislature prescribes as unlawful the intentional delivery of the controlled substance under schedule I. It contains all the essential elements of the crime of delivery. Section 204.101(8) defines delivery as the actual, constructive, or attempted transfer from one person to another of a controlled substance. Section 204.401(1) makes no reference to the purpose or motive of the deliverer. It of course provides for punishment if the crime is committed. Punishment is not an essential element to be considered on trial of the charge.

The legislature may forbid doing of the act and make its commission a crime without regard to intent of the doer. Whether a criminal intent or particular purpose is an essential element of a statutory offense is to be determined as a matter of construction from the language of the act, in connection with its manifest purpose and design. State v. Wharff, 257 Iowa 871, 875, 134 N.W.2d 922, 925, and citations.

We construe section 204.401(1) as creating a separate and distinct crime without regard to the purpose or motive of the deliverer. As we point out infra, section 204.410 relates only to punishment.

IV. Counsel for the three named defendants have filed well-prepared briefs and arguments in support of the respondent Judge although they argue both sections involved are unconstitutional and their respective demurrers should have been sustained. As we understand their arguments they claim unconstitutionality results from the provisions of section 204.-410.

The legislature has said therein it applies only to a "person who enters a plea of guilty to or is found guilty of a violation of section 204.401, subsections 1 or 2." It provides at defendant's request evidence may be presented of the "nature of the act or acts on the basis of which the person has been convicted."

Section 204.410 defines no crime. It adds no essential elements to the crime defined in section 204.401, subsections 1 or 2. It clearly does not envision further inquiry into guilt or innocence.

We conclude section 204.410 establishes only a postconviction sentencing procedure by which the convicted person may, if he so desires, offer evidence in mitigation of sentence. The constitutional rights assert-

ed by each defendant as grounds for demurrer relate to a trial involving guilt or innocence.

In addition to the wording and provisions of the section itself our conclusion is supported by this statement in the Drug Abuse Study Committee's final report to the legislature just prior to the enactment of the Iowa Controlled Substances Act:

> "Section 410 is not a part of the Uniform Controlled Substances Act. In philosophy, it is patterned somewhat after section 204.20, subsection 5. The purpose of section 410 is to allow courts to sentence less severely than would otherwise be required persons who are technically guilty of violating subsections 1 or 2 of section 401, if the offense was in fact an accommodation to another person (for example, an individual who has two marijuana cigarettes giving or offering one to another individual) and the convicted person is not a 'drug pusher' in the usual sense of that term. The determination whether or not this is the case is made by the court in a proceeding which is in the nature of a postconviction hearing. If a convicted person wishes to avail himself of the lighter penalties provided under this section, it is his responsibility to request such proceedings and to show that his offense was in the nature of an accommodation and not drug trafficking."

We believe our rationale is to some extent analogous to that expressed in State v. Lynch, Iowa, 197 N.W.2d 186, 190, where we say:

> "We hold it was clearly the duty of defendant to prove he was excused from complying with the prohibition of the statute. If an exception is material in arriving at the definition of the crime, it is generally held the State has the burden of showing the exception does not apply because it is then one of the essential elements of the offense. However, where the exception merely furnishes an excuse for what would otherwise be criminal conduct, the duty devolves upon the defendant to bring himself within the exculpatory provision. (Citations)."

We hold the November 8, 1972 "Ruling on Demurrer and Orders" of respondent Judge were erroneous and illegal. . Each demurrer should have been overruled.

Writ sustained, orders annulled, each criminal cause is remanded to the trial court.

MASON, LeGRAND, REES and HARRIS, JJ., concur.

UHLENHOPP, McCORMICK, RAWLINGS and REYNOLDSON, JJ., dissent.

McCORMICK, Justice (dissenting).

I respectfully dissent. ,

I do not disagree with the majority's construction of the statute involved. The legislature made its intention plain. The point at which I differ with the majority is in its holding that the constitutional rights asserted by defendants do not apply to the proceeding provided for in § 204.410. The due process clause of the Fourteenth Amendment of the Federal Constitution is fully applicable to a sentencing proceeding. Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L. Ed. 1690 (1948). I believe § 204.410 denies a defendant due process by requiring him, after conviction for delivery of a controlled substance, to prove he delivered it as an accommodation offender rather than a drug pusher.

The legislature has supplied in the sentencing provisions of the statute a presumed fact which the State is not required to prove to get a conviction, that is, the delivery was with intent to profit or to induce the recipient to become addicted to or dependent on the substance.

This is illustrated in the majority opinion. The court holds § 204.401(1) creates "a separate and distinct crime without regard to the purpose or motive of the deliverer." Defendants are charged under that section. If they are convicted they may be sentenced under either § 204.401(1)(a) or § 204.410. By its terms the punishment in § 204.410 is available where the delivery was accompanied by an intent only to "accommodate another individual and not with intent to profit thereby nor to induce the recipient or intended recipient * * * to become addicted to or dependent upon the substance * * *." Thus, even though a conviction under § 204.401(1) would be obtained without regard to the "purpose or motive" of the deliverer, the decision as to which sentence a defendant is to receive is made to depend on that purpose or motive. Unless the defendant proves he is not a drug pusher he receives the punishment of § 204.401(1)(a) rather than the lesser punishment of § 204.410.

This statutory scheme inverts the procedure utilized in two analogous postconviction sentencing proceedings. One relates to habitual criminal charges and the other is the degree of guilt hearing under Code § 690.4 after a plea of guilty to murder.

When a defendant is charged as an habitual criminal under Code chapter 747 he is statutorily entitled to a two-stage trial. See State v. Hunley, 167 N.W.2d 645 (Iowa 1969); §§ 773.3, 785.16, The Code. He is first tried for the current offense. If found guilty he is entitled to a trial on the issue of his alleged prior convictions. The State must prove him guilty of the current offense and prove the prior convictions to a jury beyond a reasonable doubt before the enhanced habitual criminal sentence can be pronounced by the court. State v. Eichler, 248 Iowa 1267, 83 N.W.2d 576 (1957). The burden of persuasion to establish the factual basis for imposition of the habitual criminal sentence is on the State because " * * * it is not conceivable, as matter of criminal law, that, to avoid an adverse finding, a defendant can be held to take the initiative and bring forward the evidence tending to his exculpation in respect of any fact alleged in the indictment and material to his conviction *or punishment.*" State v. Smith, 129 Iowa 709, 714, 106 N.W. 187, 189 (1906) (italics added); 39 Am.Jur.2d Habitual Criminals and Subsequent Offenders § 18 at 322. A jury trial does not appear to be constitutionally required on the issue of prior convictions since the issue does not involve a distinct charge of crime but goes to punishment only. The question whether a jury or the court decides the issue is one for legislative determination. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967). Thus, when a defendant is accused as an habitual criminal, due process requires the State prove the factual basis for enhanced punishment, but jury trial of the issue is not constitutionally mandated.

Similarly, when a defendant charged with murder enters a plea of guilty, due process requires that the State have the burden of persuasion to establish a factual basis for imposition of a first degree murder sentence. State v. Harper, 220 Iowa 515, 518, 258 N.W. 886, 888 (1935); State v. Moran, 7 Iowa 236 (1858). Under Code § 690.4 this factual issue is tried to the court. State v. Martin, 243 Iowa 1323, 55 N.W.2d 258 (1952). A jury trial of the issue is not constitutionally required. 47 Am.Jur.2d Jury § 50 at 667. The basis of such procedure is explained in State v. Almy, 67 N.H. 274, 28 A. 372 (1892).

By analogy to these two postconviction sentencing proceedings I believe due process requires that the State be required to establish the factual basis for imposing the greater punishment of § 204.401(1)(a) on one convicted of delivery of a controlled substance under § 204.401(1). Due process demands that the State establish the basis for taking a defendant's liberty. The ma-

jority concedes that a defendant's purpose or motive is the determinative fact as to whether he is to be sentenced under § 204.-401(1)(a) or § 204.410. Yet, simply because this fact is established *after* conviction rather than *before* conviction the majority denies defendant due process. I do not think due process permits a different rule as to enhanced punishment in this situation than in habitual criminal or murder prosecutions.

The provision of § 204.410 which purports to assign the burden of persuasion to a defendant to prove he is not regularly engaged in drug traffic simply because he is convicted of a single delivery offense is patently unconstitutional. Although my conclusion is based on the ground that the issue is one of material fact essential to the infliction of punishment as in habitual criminal proceedings and murder case degree of guilt hearings, I believe defendants' contention the provision infringes their privilege against self-incrimination is equally valid. Cf. State v. Hansen, 203 N.W.2d 216, 220 (Iowa 1972).

I am not persuaded due process requires a jury trial of the issue involved in § 204.-410 proceedings. The issue involves establishment of a factual basis for enhanced punishment rather than proof of a crime. I do not read the statute like trial court as establishing two separate crimes or even one bifurcated crime. A jury trial would be required if it did. However, as in other true enhanced punishment proceedings I do not believe trial by jury is constitutionally compelled. See 47 Am.Jur.2d Jury § 17 at 639–640 ("Under constitutional provisions the right of trial by jury is preserved inviolate only as to the class of cases in which that right was enjoyed before adoption of the Constitution. In all other cases the legislature may provide for a hearing or trial without a jury.").

Accordingly, I believe § 204.410 denies a defendant due process only insofar as it puts the burden of persuasion on the defendant as to avoidance of enhanced punishment. I would hold it unconstitutional in that respect only. In so doing it would not be necessary to strike the entire section. The legislature has provided in § 4.-12, The Code:

"If any provisions of an Act or statute or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the Act or statute which can be given effect without the invalid provision or application, and to this end the provisions of the Act or statute are severable."

Section 204.410 is invalid only insofar as it puts the burden of persuasion on the defendant. The Constitution overrides that provision and places the burden on the State. This is not "judicial legislation." Constitutional rights are available without statutory repetition. 16 Am.Jur.2d Constitutional Law § 149 at 354; cf. Forst v. City of Sioux City, 209 N.W.2d 5 (Iowa 1973) filed separately this date.

In sum, I believe the legislation is valid except insofar as it requires a convicted defendant to prove his entitlement to the reduced penalty of § 204.410, in which respect due process is offended, but the legislation may be salvaged in keeping with remaining legislative intent by engrafting on it the constitutional requirement that in order to establish a basis for the greater sentence of § 204.401(1)(a) the State must prove to the court beyond a reasonable doubt that a defendant who invokes § 204.-410 delivered the controlled substance with an intent to profit thereby or to induce the recipient to become addicted to or dependent on the substance. Otherwise the defendant must be sentenced under § 204.410.

In accordance with these views I would annul the writ in part and sustain it in part.

**902**

RAWLINGS and REYNOLDSON, JJ., join in this dissent.

UHLENHOPP, Justice (dissenting).

I. It appears to me that respondent's analysis of the statute is realistic and that an attempt to separate the crime and its punishment is not realistic.

The prisoner receives the lighter punishment of § 204.410 if he proves accommodation. This indicates the heavier punishment of § 204.401(1)(a) must assume no accommodation. Otherwise what factual basis underlies the disparate penalties? To say that the element of accommodation or non-accommodation goes only to the penalty and not to the crime itself is a refinement which will be hard to explain to the prisoner who gets ten years under § 204.401(1)(a) rather than one year by virtue of § 204.410.

This statutory device of casting a burden on the accused could be applied generally. A statute could provide life imprisonment for homicide unless the prisoner proves no malice aforethought, then ten years. The justification would be that there is only one crime but two penalties. Or a statute could impose 20 years for robbery unless the prisoner proves he was unarmed and unaccompanied, then ten years; or ten years for larceny unless he proves the property was worth less than $20, then five years.

II. We cannot amend the sections involved. We must take them as we find them. This appears to require that § 204.-410 be simply nullified as unconstitutional, leaving § 204.401 standing as it is. The repair work to the statute, if any is to be done, will have to be by the legislature. The legislature evidently attempted to grant leniency to the accommodator, but did so in an unconstitutional way.

The writ should therefore be sustained only in part.