**STATE of Iowa, Appellee,**

v.

**David WILLIAMS, Appellant.**

**No. 58623.**

Supreme Court of Iowa.

July 30, 1976.

Samuel J. Walker, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Edward N. Wehr, Scott County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This criminal appeal involves the validity of the trial court's finding that delivery of heroin by defendant David E. Williams to Christine Cox was not as an accommodation. See Code 1973, § 204.410.

Cox, an undercover agent, asked defendant if he could get her dope, by which the

parties meant heroin. The price was to be $175. Cox told defendant she had to wait until the next day to get the money from the people for whom she was procuring the heroin.

Subsequently Cox obtained $170 (in marked money), contributed $4 herself, and delivered the money to defendant. He in turn contacted his source, got the heroin, and delivered it to Cox.

An Assistant Scott County Attorney charged defendant with delivery of a controlled substance contrary to § 204.401(1)(b) of the Code. Defendant pleaded guilty to the charge and asked for a hearing on the question of accommodation, requesting a jury. The trial court denied the jury request and held a hearing under § 204.410. The hearing revealed that defendant did not inquire about the identity of the ultimate users or seek any information about them, and that the quantity of heroin delivered would be sufficient to "shoot up" a number of times.

In the course of its ruling the court stated that it is usually agreed heroin is a serious drug to which people can become easily addicted. The court ultimately held that defendant had not established accommodation as contemplated by the statute, and passed sentence accordingly. Defendant appealed.

I. In this court defendant assigns three errors. He first argues that § 204.410 unconstitutionally places the burden of proof on him to prove accommodation. The difficulty with this argument is that at the time of these events the rule was the statute is constitutional in thus placing the burden on the accused. *State v. Vietor,* 208 N.W.2d 894 (Iowa). We subsequently held otherwise in *State v. Monroe,* 236 N.W.2d 24 (Iowa). See also *State v. Leonard,* 243 N.W.2d 75 (Iowa). But that portion of the *Monroe* holding applies retrospectively only to cases in which the accused preserved error in the trial court. Defendant did not do so here, and the *Vietor* case therefore governs. Defendant's first assigned error is not well taken.

II. Second, defendant argues that § 204.410 unconstitutionally deprives him of jury trial on the accommodation issue. But this portion of *State v. Monroe* does not apply retrospectively and *State v. Vietor* therefore again controls.

III. Defendant argues finally that the evidence contained no proof in support of the trial court's statement that heroin is a serious drug to which people can easily become addicted. We pass the State's claims that the evidence supports the statement and also that the court could take judicial notice of the matter stated both by reason of the statute and as an incontestable fact.

Section 204.410 provides for a reduced sentence when the accused delivered the controlled substance "as an accommodation" to another person *and* "not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled or counterfeit substance to become addicted to or dependent upon the substance. . . ." Otherwise the regular penalty applies. Examination of the trial court's decision indicates that the court found defendant did not deliver the heroin "as an accommodation" in the first place, and hence was not entitled to the lesser sentence. This being the case, the court's statement in question in the course of its ruling is immaterial. See *State v. McNabb,* 241 N.W.2d 32 (Iowa). If defendant did not deliver to accommodate, then he is not entitled to the lesser sentence whether or not heroin is a serious drug which easily causes addiction. Defendant's third contention is not meritorious.

We find no error.

AFFIRMED.