## WIGGINS v. STATE OF INDIANA.

## NEAL v. STATE OF INDIANA.

[Nos. 24,263, 24,264. Filed October 11, 1923. Rehearing denied January 10, 1924.]

1. ESCAPE.—*From State Farm.*—*Intention.*—*Question of Fact for Trial Court.*—Where prisoners on the State Farm whose terms had almost expired left the farm on Sunday and went to a nearby city, there being conflicting testimony as to their having permission from a guard to be absent from the institution for the day, their intention in so leaving said farm was a question of fact within the exclusive province of the trial court, although their testimony was corroborated by another prisoner and by their action outside of the institution.   p. 120.

2. CRIMINAL LAW.—*Escaping from State Farm.*—*Meaning of "Escape."*—*Statute.*—The word "escape" in the section of the statute (§2406a Burns' Supp. 1921, Acts 1915 p. 338) making it a criminal offense to "escape" from the State Farm means to go away from or enjoy immunity from imprisonment without permission of some one in authority, and criminal intent is not an essential element thereof.*   p. 121.

3. CRIMINAL LAW.—*Escaping from State Farm.*—*Evidence Sufficient.*—*Statute.*—Evidence that persons undergoing imprisonment on the State Farm, on their own volition alone, left the Farm before their sentence expired, regardless of the intent with which the act was done, *held* sufficient to sustain conviction under Acts 1915 p. 338, §2406a Burns' Supp. 1921, providing that "any person sentenced to the Indiana State Farm who shall escape therefrom  *  *  *  shall be deemed guilty of a felony", etc.   p. 121.

4. CRIMINAL LAW.— *Appeal.*— *Weighing Evidence.*— *Credibility of Witnesses.*—The Supreme Court cannot weigh the evidence nor pass on the credibility of the witnesses, but must affirm the judgment if there was any evidence to sustain the decision of the trial court. p. 121.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Prosecution by the State of Indiana against Charles F. Wiggins and Herschel Neal. From a judgment of conviction, the defendants appeal. *Affirmed.*

*James & Allee* and *Robbins, Weyl & Jewett,* for appellants.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

For the purpose of this opinion only, these cases have been consolidated.

MYERS, J.—Appellants were separately charged by affidavit, tried and convicted in the court below of escaping from the State Farm, in violation of §1 of Acts 1915 p. 338, §2406a Burns' Supp. 1921. The separate motion of each for a new trial was overruled and judgment in accordance with the finding in each case. These cases were tried the same day, in the same court, before the same judge, and submitted on the same evidence.

Each of these appellants separately assigned error on the overruling of their separate motions for a new trial. Their only insistence here is that the evidence is insufficient to support the decision of the trial court. They each defended on the ground that they had permission to leave the farm for a day from an officer of the institution who, they in good faith believed, had authority to grant such permission.

Appellants and one other person, a prisoner on the farm. testified to practically the same facts pertaining

to conversations with one Curry, a farm officer, assistant captain, relative to permission for them to spend Sunday, September 17, 1922, off of the farm. Curry testified that he gave no such permission to either of the men. These appellants testified that Curry told them they must be careful and not let other prisoners and officers see them leave, and not to get caught. They left the farm early Sunday morning, and walked to Limedale where they met Wiggins' wife in an automobile in which they drove to Greencastle and spent the forenoon at the home of Neal's father, and where they also had dinner, with the intention of returning to the farm by four o'clock that afternoon. They had just finished dinner when they looked out and discovered Captain Howard, Superintendent of the farm, Len Fry, a farm guard, and other persons surrounding the house. They were arrested by Superintendent Howard and other officers, taken to the farm, then returned to Greencastle, placed in jail and tried the next day.

The evidence shows that Neal's term of imprisonment had three days only to run and that he had arranged to pay the fine and costs adjudged against him.

1. We are not advised as to the unserved time of imprisonment of appellant Wiggins, but it does appear that "for some time prior to" September 17, he had been an inmate on the farm and had earned the position of "a trusty", and on Saturday night before the Sunday in question, he had acted as dormitory guard of a certain ward. This evidence is uncontradicted. Hence, it seems strange that any one with any mind at all would leave the farm without permission and thus subject himself to a charge for so doing carrying a penalty of not less than two years and not more than five years in the State Prison. Both appellants testified that they had permission from Curry to leave the farm for the day and that they had no intention of escaping

from the institution, and while their actions outside of the institution strongly corroborated their testimony, yet the question of their leaving the farm without permission so to do was one of fact and within the exclusive province of the trial court charged with the duty of determining the credibility of the witnesses and the weight which should be given to their testimony.

Counsel for appellants assert that there is no evidence of intention on the part of these appellants to escape. The statute, §2406a, *supra*, provides: "That any person sentenced to the Indiana State Farm who shall escape therefrom * * * shall be deemed guilty of a felony, and, upon conviction, shall be sentenced. * * *" The word "escape" as used in this statute means to go away from or enjoy immunity from imprisonment without permission of some one in authority. This statute prohibits under penalty the doing of a specific act, or, we may say, it defines a crime and fixes the punishment, but it does not make criminal intent an essential element thereof. Hence, if appellants, upon their own volition alone, and the trial court must have so found, left the farm while under sentence of imprisonment, such act being by statute prohibited, it was unlawful, and being unlawful, intent would be inferred from the fact of their leaving. *Hood* v. *State* (1877), 56 Ind. 263, 275, 26 Am. Rep. 21; *State* v. *Mainey* (1879), 65 Ind. 404, 408; *Mercer* v. *Corbin* (1889), 117 Ind. 450, 3 L. R. A. 221, 10 Am. Rep. 76; *Rock* v. *State* (1915), 185 Ind. 51; Gillett, Criminal Law §3; 8 R. C. L. 62, §12.

The conclusion of this court upon the credibility of witnesses and upon conflicting evidence is unimportant, for it is not our province to pass upon and determine such matters. In the absence of such authority, which is essentially necessary in these cases, we cannot disturb the judgment in either

case.   *Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 446;
*Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582.

Each of the judgments in the above entitled causes is
therefore affirmed.

Townsend, J., absent.