No. 21489.

JOSEPH LEWIS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(412 P.2d 232)

Decided March 21, 1966.

William R. Stinemeyer, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Plaintiff in error was charged with and convicted of the crime of felonious escape pursuant to the statutes of this state which prohibit such conduct. He will be designated in this opinion either as defendant or Lewis. Lewis seeks to reverse the judgment of conviction.

The record discloses that on August 18, 1963, the defendant passed by the guard at the west gate of the penitentiary, purportedly on his way to the residence of Captain Yeo, Senior Captain at the penitentiary, where he had been assigned as yardman. Lewis did not return that night; he was picked up several days later at some distance from the penitentiary.

Lewis produced Captain Yeo as a witness in his behalf. Captain Yeo testified that he had given Lewis permission to go fishing three or four weeks earlier and that the yardman assigned to other houses also had this permission. The defendant testified that he thought that his permission was still valid and obtained every time he finished his assigned work. Lewis contended

that at the time of his arrest he was fishing in accordance with the purported permission; and, in fact, when he was found he was about 50 feet from the river and did have fishing equipment with him consisting of clothes, tack box and reel. Lewis also testified that when he left he told the guard he was going fishing.

We are not here concerned with sufficiency of evidence to convict Lewis, but are directed by the assignments of error to consider whether the court properly instructed the jury in defining the crime of "escape." In truth, the three assignments of error urged by Lewis are in reality only one, namely, that the trial court improperly defined the crime of "escape."

The instructions which the court gave advised the jury that anyone who escapes while in lawful custody is guilty of the crime of escape; and that escape means the actual and voluntary departure from lawful custody. Under such a definition, one who voluntarily leaves the penitentiary temporarily under an honest and sincere belief that he had permission to so leave violates the statute with its attendant severe penalties, and a jury, even though they feel that the prisoner did honestly believe he had permission to leave, must convict him.

We think that the definition of "escape" given by the trial court does not convey the proper meaning of the word and deprives a defendant of a defense which, under the law, he is entitled to assert. Where a legalistic term is not defined by statute, we, in this state, must go to the common law to determine its meaning. *Koontz v. People,* 82 Colo. 589, 263 Pac. 19. It is clear that at common law the word "escape" is defined as "a departure from lawful custody with the intent to evade the due course of justice." An instruction containing that definition was offered by defense counsel and rejected by the court. It should have been given; the instruction which the court gave was erroneous. For a more detailed discussion concerning this principle see

*Gallegos v. People,* 159 Colo. 379, 411 P.2d 956, decided March 14, 1966.

The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE SCHAUER concur.