442 P.2d 778

**STATE of Idaho, Plaintiff-Respondent,**
**v.**
**Melvin Charles MARKS, Defendant-**
**Appellant.**
**No. 10025.**

Supreme Court of Idaho.

July 9, 1968.

---

Moffatt, Thomas, Barrett & Blanton, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Daniel A. Slavin, Asst. Atty. Gen., for respondent.

McFADDEN, Justice.

Appellant Melvin Charles Marks was convicted following a jury trial of the felony of escape.[1] The facts involved on this appeal are basically undisputed. Marks was one of a number of inmates of the Idaho State Penitentiary who were on an outside work detail engaged in picking potatoes under the supervision of a prison official. Transportation to and from the work site was provided by a van-type truck. The official drove the truck, and ten of the inmates including appellant were seated in the rear. Two benches ran the length of the truck, one on each side,. with five men seated on each bench. Two overlapping swinging doors enclosed the rear of the truck.

After completing a shift of digging potatoes a little later than normal, the men loaded into the truck to be returned to the prison. The truck stopped at an intersection and as it started again into the intersection four inmates left the confines of the truck. The evidence presented by the State failed to show how they left the truck, but accepting appellant's version of what happened as being true, the following took place: As the truck started up, the inmate seated on the right bench at the rear of the truck and next to the door fell out. This man was a personal friend of appellant, and appellant jumped out to see whether his friend was injured. Two other inmates followed appellant. The truck continued on, the officer not realizing the four inmates were absent.

Appellant and his friend remained at the intersection for a few minutes, and then moved to the back of a dwelling nearby. A dog started barking and appellant and his friend went through an open field and sat down near an irrigation ditch to await the authorities. Appellant testified that they left the intersection because they were frightened; and he stated that he never had any intent to escape, or to avoid recapture.

Appellant's assignments of error and contentions are to one effect, i. e., that to commit the crime of escape it is necessary for the state to prove as an essential element of the crime, the accused's intent to evade the due course of justice.

The statute itself does not require that any specific intent be proven (I.C. § 18–2505), nor does it define the term "escape." It is proper to examine the common law background of the crime. 30A C.J.S. Escape § 2(a), at 876 (1965).

At common law escape was considered as being classified into two types, i. e., those of an escape by the prisoner, and those whereby a keeper allowed an inmate to escape. An escape by the prisoner could be either with force (breaking prison) or without force. 1 Hale, Pleas of the Crown 590–611 (1847). Punishment for escapes under the common law was considered as for a "high contempt" and at other times as for a "felony." 1 Hale, Pleas of the Crown 590 (1845); 2 Hawkins, Pleas of the Crown 183 (1824).

Appellant has cited two cases which hold that at common law an escape by a prisoner required an "intent to evade the due course of justice." Lewis v. People, 159 Colo. 400, 412 P.2d 232 (1966); Gallegos v. People, 159 Colo. 379, 411 P.2d 956

1. I.C. § 18–2505. "Escape by one charged with or convicted of felony.—Every prisoner charged with or convicted of a felony who is confined in any jail or prison including the state penitentiary for a term of less than life, or who while outside the walls of such jail or prison in the proper custody of any officer or person, or while at work in any factory, farm or other place without the walls of such jail or prison, who escapes or attempts to escape from such officer or person, or from such jail or prison, or from such factory, farm or other place without the walls of such jail or prison, shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall commence at the time he would otherwise have been discharged."

(1966). However, numerous authorities have held that no specific intent is necessary to commit the crime of escape. People v. Goldman, 245 Cal.App.2d 376, 53 Cal. Rptr. 810 (1966); People v. Miller, 196 Cal. App.2d 171, 16 Cal.Rptr. 408 (1961); People v. Haskins, 177 Cal.App.2d 84, 2 Cal. Rptr. 34 (1960); Wiggins v. State, 194 Ind. 118, 141 N.E. 56 (1923); State v. Leckenby, 151 N.W.2d 567 (Iowa 1967); State v. Wharff, 257 Iowa 871, 134 N.W.2d 922 (1965).

In 30A C.J.S. Escape § 6(b) (1965), it is stated that the "intent to evade the due course of justice" is an essential element of the crime of escape. However, 3 Wharton, Criminal Law and Procedure § 1372 (12th ed. 1957), states that such intent is not essential. The authorities cited in 30A C.J.S. Escape § 6(b) are cases wherein the prisoner left custody at the direction of the jailers. These cases would thus appear to be more aptly considered as those wherein the departure from custody was not unlawful. State v. Pace, 192 N.C. 780, 136 S.E. 11 (1926); People v. Weiseman, 280 N.Y. 385, 21 N.E.2d 362 (1939).

In Lewis v. People, supra, a prisoner went fishing, thinking he had permission to do so. The Colorado court reversed his conviction, holding that an instruction requested by the defendant defining "escape" in terms of "a departure from lawful custody with the intent to evade the due course of justice," should have been given. However, had that case been resolved on the basis of "mistake in fact" as to the permission for the defendant to leave, it would have been more in conformity with established law. See 1 Russel, Crimes 101 (7th ed. 1910). In Gallegos v. People, supra, cited in Lewis v. People, the Colorado court relied on Riley v. State, 16 Conn. 47 (1843), wherein the Connecticut court in speaking of intent resorted to dicta. Furthermore, it is difficult to resolve whether specific intent or general intent was meant in that discussion by the Connecticut Court. Riley

v. State, supra, also dealt with a prisoner who had left custody while authorized to do so. In opposition to the discussion in Riley v. State, supra, see the early English decision of Hobert and Stroud's Case, Cro. Car. 209, 79 English Rep. 784 (1630), wherein it was held that "if a person be committed to a particular place and instead of confinement within the walls goes at large, he may be indicted for the misdemeanour, although he had the gaoler's permission."

It is our conclusion that at the common law no specific intent to evade the due course of justice was required to establish the crime of escape by a prisoner. Such an offense is in a different class from that of burglary or murder wherein even at the common law a specific intent was required. In fact the crime of escape permitted by a jailer was considered a more onerous offense than that of escape by a prisoner, and the crime should be committed by a jailer's negligence only. 2 Hawkins, Pleas of the Crown c. 17 (1824).

In the case before the court, appellant does not contend that he thought he was authorized to leave the truck and that by reason thereof he was acting under a mistake of fact. Appellant also does not contend that he fell out of the truck so that there would have been no intent at all on his part to perform the act. Appellant admits that he jumped out of the truck and further admitted that he was at a place where he was not supposed to be.

The statute does not spell out a requirement for any specific intent to be formed by the prisoner to commit the crime of escape. This court has on several occasions discussed the "intent" requisite to commit various crimes. See State v. Booton, 85 Idaho 51, 375 P.2d 536 (1962); State v. Parish, 79 Idaho 75, 310 P.2d 1082 (1957); State v. Johnson, 74 Idaho 269, 261 P.2d 638 (1953); State v. Scott, 72 Idaho 202, 239 P.2d 258 (1952); State v. Baldwin, 69 Idaho 459, 208 P.2d 161 (1949); State v. Taylor,

59 Idaho 724, 87 P.2d 454 (1939); State v. Sterrett, 35 Idaho 580, 207 P. 1071 (1922); State v. Keller, 8 Idaho 699, 70 P. 1051 (1902); State v. Browne, 4 Idaho 723, 44 P. 552 (1896).

It is our conclusion that no specific intent "to evade the due course of justice" need be proven in order to establish the commission of the crime of escape, nor need any instruction be given therein. The trial court's instructions adequately instructed the jury on this point.

The judgment is affirmed.

SMITH, C. J., and TAYLOR, McQUADE and SPEAR, JJ., concur.