494 P.2d 714

The STATE of Arizona, Appellee,

v.

Arthur R. WHITE, Jr. and Ronald L. Jones, Appellants.

No. 2 CA–CR 263.

Court of Appeals of Arizona, Division 2.

March 15, 1972.

locking up. They were in a small tank with six other prisoners. When Deputy Sheriff Canham returned to work on January 28, 1971, upon opening the tank, he observed that bars had been sawed from the front window of the cell and the screen had been removed. He further observed that four prisoners were missing, including the two appellants. The jail is situated on the third floor of the Cochise County Courthouse. The prisoners apparently left the jail late on the 27th or early on the morning of January 28th. Thereupon the group went to the Golden Hotel where one of their number notified his wife of their departure from the jail. She joined the four, bringing her baby, and the group travelled to Mexico via taxicab. After difficulties in Mexico, the appellants and another member of their party returned to Douglas, Arizona. Being short of funds with which to hire a cab, White stole a car and apparently was preparing to pick up the rest of his party when he was arrested. Jones was arrested by another officer in a rural area west of Douglas.

Gary K. Nelson, Atty. Gen., by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Polley & Talmadge, by Wesley E. Polley, Bisbee, for appellants.

HATHAWAY, Judge.

Appellants were convicted of escape, a felony, under A.R.S. § 13–393 (1956) after a jury trial. They were jointly tried and have jointly appealed from their respective convictions and sentences. Six questions are presented for review. We will consider them in the order in which they were presented after a brief statement of the facts.

Appellants, Jones and White, were confined in the Cochise County Jail in January 1971, on a felony charge of transporting a stolen automobile. Deputy Sheriff Fred Canham observed appellants at the jail on January 27, 1971, while he was

## FLIGHT INSTRUCTION

Over objections from the defense, the court gave the following instruction on flight:

"Flight of the accused after the crime has been committed does not create a presumption of guilt, ladies and gentlemen of the jury. It is however, a circumstance which may tend to prove consciousness of the guilt and should be considered and weighed by you in connection with all the other evidence in the case."

It is contended that giving this instruction constituted reversible error for two reasons. First, the form of instruction, it is argued, constitutes a comment on the evidence and secondly, there was no evidence justifying giving the instruction.

Appellants contend that the instruction tells the jury that a crime was committed and thus comments upon the evidence. Presumably, appellants have made

reference to Ariz.Const. art. 6, § 27, added with the November 8, 1960 election (formerly Ariz.Const. art. 6, § 12), although no reference is made to that section. There appears to be no dispute that the questioned portion of the instruction correctly states the law as an abstract proposition. It clearly was given for that purpose in order to inform the jury and therefore normally cannot be considered a comment on the evidence. State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969).

Appellants contend that evidence which would justify a flight instruction is absent from the record and the court erred in giving an instruction regarding flight. State v. McGill, 101 Ariz. 320, 419 P.2d 499 (1966). The state has responded in its answering brief simply that the "evidence did support a flight instruction" but offers no assistance in directing us to the specific evidence serving as the basis therefor.

■ Typically flight would appear to be inherent in an escape. Such appears to be the situation in the instant case. At trial, White's uncontroverted testimony established that he and Jones voluntarily left the jail through the window from which the bars had been removed; that they descended from the jail to the ground by means of blankets tied together, and that their reason for leaving was their failure to receive legal assistance and the poor conditions in the jail. Appellant White was apprehended immediately after his theft of an automobile which would appear to have been taken for purposes of furthering their flight. Jones, apprehended in a desert area near the Douglas cemetery would appear also to have been concealing himself. Even if it was error to give the instruction, it was harmless beyond a reasonable doubt and could not have influenced the jury's verdict in view of White's testimony admitting the escape. State v. Hixson, 16 Ariz.App. 251, 492 P.2d 747 (1972).

## PROPRIETY OF DEMONSTRATION

■ White testified that they were asleep when the holes were actually made.

The state contended that this testimony could not be true because in the process of breaking through the window so much noise would have been produced that no one could possibly have slept through it. During cross-examination of White, the prosecutor performed a demonstration and experiment in the presence of the jury by sawing on a bar, attempting to show that the noise was such that it would awaken a normal person. Objection was made that the demonstration was not performed under "substantially the same conditions" as existed during the original act, State v. Polan, 78 Ariz. 253, 278 P.2d 432 (1954), because of the uncontradicted testimony that the radio always played and the shower was always running. Appellants contend that it is reasonable to assume that the noise of the radio and shower was purposely set up to muffle any sounds made by sawing through the bars. These conditions did not exist in the courtroom demonstration and it is further contended that there was no showing that the distance from the jury to the demonstration was the same as that from the appellants to the persons purportedly doing the sawing while in jail. Assuming that the appellants are correct that the conditions in the demonstration were not substantially equivalent and that the demonstration should not have been permitted, the error in admitting it must necessarily be harmless. That appellants themselves sawed through the bars and broke through the window is immaterial to their conviction of escape under A.R.S. § 13–393 (1956). Appellants were not charged with wilful injury to the jail under § 31–130 (1956).

## INDEPENDENT CRIME

Citing the general rule that in a criminal prosecution evidence of the commission by the accused of another crime entirely distinct and independent of the one for which he is on trial is inadmissible, Dorsey v. State, 25 Ariz. 139, 213 P. 1011 (1923), appellants contend that reversible error was committed in the admission of evidence that White had stolen the car after the es-

cape. The following is the testimony in question:

"A. We were going to see if we could get some transportation, cab of some sort, then we found out we didn't have enough money.

Q. And so what did you do?

A. I borrowed a car.

Q. You borrowed a car? What kind of car?

A. A '64 Chevy.

MR. GREENWOOD: I object, I don't see how this is material at all.

THE COURT: Objection overruled.

MR. GREENWOOD: For what purpose?

THE COURT: Well, do you want the Court to comment on the evidence, Mr. Greenwood?

MR. GREENWOOD: I would like to argue outside the hearing of the jury.

THE COURT: It's admissible, overruled.

Q. (By Mrs. Jenney) Now, did you borrow this car from a friend?

A. *No, I should rephrase it. I stole the car.*

Q. Who stole the car?

A. I stole the car." (Emphasis added)

■ A well-established exception to the exclusion of evidence showing the commission of a crime distinct and independent from the one for which a defendant is on trial is that of proof of the defendant's flight or attempted flight after commission of the offense. State v. White, 101 Ariz. 164, 416 P.2d 597 (1966); State v. Loftis, 89 Ariz. 403, 363 P.2d 585 (1961); State v. Roderick, 9 Ariz.App. 19, 448 P.2d 891 (1968). The testimony in question was brought out for the purpose of showing the fact of flight and was properly admitted. We find appellants' authority on this question inapposite.

### INSTRUCTION ON ESCAPE

The court gave the following instruction on escape:

"Now, the pertinent parts of the Arizona statutes as they apply to the crime of escape with which these defendants are charged are as follows: Section 13–393 Arizona Revised Statutes reads in part as follows: 'A person who being confined in a county jail escapes therefrom is guilty of a felony, if the confinement is upon a charge, arrest, commitment or conviction for a felony.' Section 31–123 Arizona Revised Statutes also reads in part on the subject matter 'A prisoner committed to the county jail for trial for a public offense shall be actually confined in the jail until he is legally discharged.' An escape is a voluntary obtaining of or regaining of one's liberty from some imprisonment, restraint or confinement. It may be from custody after arrest and incarceration in a county jail."

■ Appellants contend that the trial court erred in refusing to give their requested instruction:

"You are instructed that 'escape' is defined as a departure from lawful custody with intent to evade the due course of justice."

We do not agree with this contention and hold that proof of a specific intent to evade the due course of justice is not necessary to establish escape; all that is required is the voluntary intent to depart from custody. See State v. Marks, 92 Idaho 368, 442 P.2d 778 (1968); Alex v. State, 484 P.2d 677 (Alas.1971) and authorities cited therein.

### MOTION FOR DIRECTED VERDICT

■ The basis for the motion was that there was no proof (1) that the appellants were confined in a *county jail,* and (2) that there was no document legally discharging them. The record reveals testimony that the defendants were confined in the county jail. Deputy Sheriff Canham testified that they were "in the little tank in the Cochise County Jail." This testimony is ample to show that the county jail was their place of confinement. It is un-

necessary to go into the chain of title on the premises known by the deputy sheriff as the county jail, particularly where no issue has been made of the matter and the point does not appear to be genuinely disputed. The matter of legal discharge is defensive. The state need not show the absence of a legal discharge in order to establish the crime of escape.

. The judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.