COMMONWEALTH *vs.* FRANK P. MERANDA. November 19, 1974. This case is before us on the defendant's exception to the denial of his motion for entry of a finding of not guilty. The defendant was charged in an indictment with having escaped from prison in violation of G. L. c. 268, § 16, as amended through St. 1955, c. 770, § 82, and was found guilty on October 12, 1973. The defendant waived his right to trial by jury, and the case was submitted to the judge on the following stipulated facts. The defendant was granted a day-long furlough from the Massachusetts Correctional Institution at Concord. Around the time the defendant was scheduled to return, a phone call was received at the institution to the effect that the defendant had been involved in an automobile accident and would be returning about two hours late. The defendant did not arrive that evening but returned voluntarily late the following evening. The defendant raises two points in support of his exception to the denial of his motion. First, the defendant argues that the crime of escape was not sufficiently established, since the element of wrongful intent

---

[1] Commonwealth *vs.* Roy L. Thigpen.

was neither directly proven nor inferable beyond a reasonable doubt. One who violated the terms of his furlough by failing to return at its expiration could be convicted of a violation of said § 16. (See now St. 1973, c. 1062, § 1.) *Commonwealth* v. *Hughes,* 364 Mass. 426 (1973). While wrongful intent is a necessary element of the crime of escape, see *Commonwealth* v. *Gosselin,* 365 Mass. 116, 121 (1974); see also *Chandler* v. *United States,* 378 F. 2d 906 (9th Cir. 1967); *Riley* v. *State,* 16 Conn. 47 (1843); *Cassady* v. *State,* 247 Ark. 690, 693 (1969); *Gallegos* v. *People,* 159 Colo. 379 (1966), intent will be inferred from the unlawful departure — or, as in this case, the unauthorized extension of the period of the furlough — in the absence of a satisfactory explanation. Perkins, Criminal Law, 504-505 (2d ed. 1969). *State* v. *Clark,* 32 Nev. 145, 152 (1909). *Wiggins* v. *State,* 194 Ind. 118 (1923). See *Fanning* v. *United States,* 72 F. 2d 929, 932 (4th Cir. 1934). The only aspect of the stipulated facts tending to negate the defendant's culpable intent was the telephone call stating that the defendant would be two hours late, the source of the call was unidentified and the truth of its content unverified. The defendant did not return at that time but voluntarily returned to custody a full day later. The trial judge was free to draw inferences from these facts but was not required to find that they constituted a satisfactory explanation. In his second contention, the defendant urges us to disregard *Commonwealth* v. *Hughes, supra,* and *Commonwealth* v. *Hickson,* 1 Mass. App. Ct. 870 (1974). We decline the defendant's invitation to do so. See *Burke* v. *Toothaker,* 1 Mass. App. Ct. 234, 240 (1973). An additional claim made by the defendant, that a substantial variance existed between the indictment which alleged that he "did break therefrom [the Massachusetts Correctional Institution] and escape," and the proof, which showed that he was on furlough and thus could not in fact "break therefrom," was disposed of by the *Hughes* case, at 430-431.

*Exceptions overruled.*

*William A. Nelson* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.