■ In the Matter of JOSE GONZALES, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to annul a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On August 12, 1983, petitioner, an inmate at Clinton Correctional facility, was issued an inmate misbehavior report. He was charged with passing a weapon (knife) to another inmate. After a superintendent's proceeding, the hearing officer found petitioner guilty of violating disciplinary rules 113.10 and 113.11 and sentenced him to 30 days of keeplock and loss of 60 days of good time. The Departmental Review Board modified the decision by dismissing the charge of violation of disciplinary rule 113.11 and reducing the loss of good time to 30 days. The decision was otherwise affirmed. This proceeding to challenge that determination ensued.

Petitioner claims lack of substantial evidence and procedural errors as grounds for annulling the determination. The evidence before the hearing officer was a misbehavior report signed by two correction officers, a photograph of the weapon, and the testimony of petitioner and two other inmates. From the uncontradicted evidence, it was established that something was passed by petitioner to inmate Juan Castro while they were in the yard. Whatever it was had been in one of petitioner's socks. It was accomplished by petitioner's raising his trouser leg and Castro's removing the object therefrom.

Petitioner and his inmate witnesses testified that the property passed to Castro consisted only of two packages of cigarettes. Officer Kenneth Delisle signed the report which indicated that his observation was made from a tower overlooking the yard and that the object appeared to be a homemade weapon. Correction

officers in the yard were immediately notified and they frisked Castro and found a knife as described by Delisle. The report was also signed by Officer D. Hemingway, another eyewitness of the incident.

The main thrust of petitioner's argument appears to be that more was required to be in evidence than the misbehavior report. He points out that no correction officers were interviewed. In disciplinary proceedings of this nature, an inmate has no constitutional right of confrontation (*Wolff v McDonnell,* 418 US 539, 566-569; see *Baxter v Palmigiano,* 425 US 308; *Matter of Garcia v LeFevre,* 102 AD2d 1004). Since amendment of the regulations of the Commissioner of Correctional Services effective June 15, 1983, there is no administrative requirement that an employee be interviewed either in or out of the presence of the accused. Petitioner's rights were not prejudiced because he could have requested that the officers be interviewed and did not do so (*Matter of Tolden v Coughlin,* 90 AD2d 929).

An administrative determination is supported by substantial evidence when one could reasonably reach the agency's determination on the basis of the evidence presented (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). We find that there was substantial evidence to support this administrative decision. The fact that a different determination could have been made on the basis of the conflicting evidence does not permit the court to set aside the agency's determination (*id.,* at pp 180-181; *Matter of Collins v Codd,* 38 NY2d 269, 270-271). Matters of credibility are for the hearing officer's determination (*Matter of Witherspoon v LeFevre,* 82 AD2d 959, 960, app dsmd 54 NY2d 829). The most surreptitious manner in which the property was passed was sufficient cause for the trier of fact to discredit the testimony of petitioner and his witnesses, particularly in view of petitioner's explanation that the property was passed in that manner because he did not want his hands to get wet.

The claimed procedural errors pertain to the record. Petitioner contends that the superintendent's proceeding should be declared void *ab initio* because an employee other than the superintendent, a deputy superintendent or a captain, was designated to conduct the proceeding (7 NYCRR 254.1). However, the regulation also permits the designation of another employee when sufficient reason exists. Respondents' answer affirmatively states that the hearing officer in this case, the plant superintendent, was duly designated by the superintendent of the facility. The regulation does not require that the reasons for the designation be placed in the record. Nor does existing law

require that the record reflect the reason for every intermediate decision (see *Matter of Guzman v Coughlin,* 90 AD2d 666). The hearing officer, at the beginning of the hearing, announced the position he held in the facility. Petitioner did not object when it would have been possible to cause the record to reflect compliance with the regulation. We conclude that the hearing officer was a person capable of conducting the hearing as evidenced by the position of great responsibility which he held in the institution.

Prior to the beginning of the hearing and before starting the electronic recording, petitioner asked the hearing officer to hear the electronic tape of a prior proceeding which involved inmate Castro. This was denied. Petitioner claims that because this interchange was not on the record, reversible error was committed. It is significant that petitioner does not ascribe any error in the ruling itself and we find none. The purpose of a record is to permit review by higher authority. We accept the undisputed fact that the request was made and that the hearing officer denied it. Whether it was on the record is academic under these circumstances.

We have examined petitioner's further contentions and find them to be without merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.