■ In the Matter of ERVAN PURNELL, Respondent, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously reversed, on the law, and petition dismissed. Memorandum: Special Term improperly granted petitioner's CPLR article 78 petition and set aside the determination at his Superintendent's hearing on

the ground that the record does not indicate why a lieutenant was designated to conduct the proceeding in the place of those prison officials specified in the commissioner's regulations (7 NYCRR 254.1). Petitioner never expressly objected to the lieutenant's designation to serve as hearing officer, either at the time of the hearing or in his petition. Thus, the issue has not been properly preserved for judicial review. Were we to reach the merits, however, we would find petitioner's argument to be without merit. The regulation permits the Superintendent for sufficient reason to designate some other employee to conduct the proceeding (7 NYCRR 254.1). The regulation does not require that the reasons for the designation be placed in the record (*Matter of Gonzales v LeFevre,* 105 AD2d 909, 910). To impose this further obligation upon those charged with preserving order and safety in the State's prisons would unduly burden an already overburdened internal prison disciplinary system (*see, Matter of Semper v Smith,* 66 NY2d 130; *People ex rel. Bradley v Smith,* 115 AD2d 225). (Appeal from judgment of Supreme Court, Wyoming County, Newman, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Pine and Schnepp, JJ.