OPINION OF THE COURT
William: H. Intemann, Jr., J.
This matter arose on the petition and notice of petition of Ruben Rodriquez, both dated December 10, 1986. The court has reviewed respondents’ answer dated January 21, 1987 and petitioner’s reply affirmation dated March 5, 1987.
*621 This matter concerns a tier III disciplinary hearing held at the Clinton Correctional Facility which was commenced on July 14, 1986 and concluded on July 18, 1986. The incident in question occurred on July 8, 1986 in the north yard of the Clinton Correctional Facility during a mass demonstration which resulted in numerous inmate rule violations. Petitioner was charged in two separate misbehavior reports, both dated July 8, 1986, and served on petitioner on July 10, 1986. One misbehavior report by Officer Renadette charged petitioner with violation of rule 100.10, assault, and rule 106.10, refusal to obey a direct order. The other misbehavior report by Officer Jarvis charged petitioner with a violation of rule 100.10, assault. At the conclusion of the hearing petitioner was found guilty of all charges and penalized by confinement to a special housing unit and the loss of six months’ good behavior allowance time for the charges in each misbehavior report, resulting in a total period of confinement in a special housing unit of one year and a total loss of good behavior time of one year.
The facts underlying this matter are not in dispute. The only substantive issue raised by petitioner is the failure to permit him to call requested witnesses. Respondents have conceded that they failed to provide at least one requested witness and that, therefore, there was error at the hearing level which was affirmed on administrative appeal.
The only issue before this court is whether to remand this matter for a new hearing or order full reversal and expungement with prejudice. This court believes that remand for a new hearing is the proper disposition.
This court has reviewed the complete record, including the entire hearing transcript. It is apparent that the only error made at the hearing was the failure of respondents to call at least one witness requested by petitioner. There was no question of substantial evidence raised. In fact, the evidence presented at the hearing does indicate that petitioner was guilty as charged.
This court believes that where error has occurred, a new hearing should be ordered where the error can be corrected in the new hearing, and such a hearing can be conducted in accordance with due process. (See, Matter of Sabo v Racette, 124 AD2d 920 [3d Dept].) In Matter of Vogelsang v Coombe (105 AD2d 913, affd 66 NY2d 835), certain charges were dismissed and the court found that a new hearing as to them would be inappropriate because of the lapse of a significant *622 period of time, the possible unavailability of the witnesses requested, and also because petitioner had already satisfied the bulk of his penalty. In this case, only eight months have elapsed since the actual incident in question. Furthermore, there is no showing that the requested witnesses will be unavailable. However, most importantly, the penalty imposed in this instance included a total of one-year loss of good-time allowance as well as confinement to a special housing unit. Although petitioner has served a long period of time in a special housing unit as a result of the decision of the Hearing Officer, the loss of good time has not yet impacted upon the petitioner. This court is also aware of the Court of Appeals decision in Matter of Barnes v LeFevre (69 NY2d 649). In that case a prison inmate requested the testimony of a witness whose name he did not know. The requested witness was located but the hearsay report of a correction officer who interviewed the witness indicated that he had refused to testify. The Court of Appeals reversed the determination of the Appellate Division and directed annulment and expungement. In doing so, however, the court did not state that reversal and remand would not be appropriate in other fact situations. In fact, the court did not discuss at all why ex-pungement was ordered instead of a new hearing.
For the reasons stated above it is, therefore, the decision of this court and it is hereby ordered, that the determination of July 18, 1986 be annulled and this matter remitted to the Department of Correctional Services for the purpose of making a new determination after conducting a hearing in accordance with this decision; said new hearing to be completed no later than April 30, 1987.