■ In the Matter of ANTHONY W. SMITH, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered May 27, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Great Meadow Correctional Facility, was charged in a misbehavior report (report No. 1) with refusing to obey a direct order to exit his cell and with assaulting several correction officers during an incident on March 15, 1986. The next day, petitioner was charged in a second misbehavior report (report No. 2) with destroying the sink in his cell. At the Superintendent's hearing held March 22, 1986 at Wyoming Correctional Facility, petitioner objected to the designation of Lieutenant Gary Greene as Hearing Officer because he was not a Superintendent, Deputy Superintendent or Captain, and requested a review of the videotape of the first described incident. After explaining that he was properly conducting the hearing, the Hearing Officer declined to review the videotape. Consequently, petitioner denied the charge set forth in report No. 1. Petitioner entered a plea of guilty, with an explanation, to the charge set forth in report No. 2. At the conclusion of the hearing, the Hearing Officer confirmed the charges in both reports and imposed various

penalties. Upon administrative appeal, the Hearing Officer's decision was modified by dismissing the assault charge set forth in report No. 1 and reducing petitioner's punishment, explaining that the "[e]vidence presented does not support assault charges. Tape could have been reviewed by hearing officer." Thereafter, petitioner commenced this CPLR article 78 proceeding to annul the determination and to expunge all references to the charges in both reports from his departmental and institutional files. Supreme Court dismissed the petition, finding the modification on administrative appeal entirely appropriate.

Initially, we agree with Supreme Court that petitioner's challenge to the Hearing Officer's designation is without merit *(see, Matter of Purnell v Kelly,* 115 AD2d 1010; *Matter of Gonzales v LeFevre,* 105 AD2d 909, 910-911). The record confirms that Greene was duly designated by the facility's Superintendent, as well as by the Superintendent at Wyoming Correctional Facility where the hearing was actually conducted.

We reach a different conclusion with respect to petitioner's contention that the Hearing Officer improperly refused to view the videotape. In their brief, respondents concede that the Hearing Officer's ruling was procedurally in error, but urge that the appropriate remedy is not expungement of the charges from petitioner's record, but a remittal for further proceedings in which the videotape may be viewed and an appropriate determination rendered. The record indicates that the entire incident set forth in report No. 1 was preserved on videotape, and that the videotape is available at Great Meadow Correctional Facility. Under the circumstances presented, where the penalty imposed was not extensive and the breach of petitioner's regulatory right to present evidence may be readily cured, we conclude that a new hearing, not expungement, is the appropriate remedy *(see, Matter of Coleman v Coombe,* 65 NY2d 777; *Matter of Sabo v Racette,* 124 AD2d 920, 921; *Matter of Rodriguez v LeFevre,* 135 Misc 2d 620; *compare, Matter of Allah v LeFevre,* 132 AD2d 293; *Matter of Cunningham v LeFevre,* 130 AD2d 809, 810). Notably, this is not an instance where respondents withheld information during the first hearing needed to substantiate the charges *(see, Matter of Hartje v Coughlin,* 70 NY2d 866; *Matter of Wynter v Jones,* 135 AD2d 1032). Accordingly, the matter should be remitted for a new hearing with respect to report No. 1 and a redetermination of the cumulative penalty as appropriate.

Judgment reversed, on the law, without costs, determination annulled and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.