■ In the Matter of KENNETH GOSS, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner appeals from a judgment which dismissed his CPLR article 78 petition challenging the determination following a Tier III Superintendent's disciplinary hearing on the ground that the Superintendent's designation of the Hearing Officer was defective. Petitioner alleged that Superintendent Kelly's appointment of Lieutenant Block as a substitute Hearing Officer on February 1, 1985 was inadequate to legitimate Block's status as a Hearing Officer at petitioner's disciplinary hearing held May 13, 1985. There is no merit to this claim. Lieutenant Block was a proper person to be designated as a substitute Hearing Officer (7 NYCRR 254.1). The Superintendent explained that Block was 1 of 16 lieutenants so appointed between November 1984 and February 1985 "due to the large number of superintendent's proceedings being held and due to the fact that there are not enough captains and deputy superintendents at Attica Correctional Facility to hold said hearings" *(see, Matter of Gonzales v LeFevre,* 105 AD2d 909, 910-911). We reject petitioner's claim that the Superintendent

must make separate appointments of substitute Hearing Officers for each and every Superintendent's hearing because this "would unduly burden an already overburdened internal prison disciplinary system" *(Matter of Purnell v Kelly,* 115 AD2d 1010, 1011). As long as the person designated is not specifically excluded under the applicable regulation, there is no reason why the appointment cannot be made in advance of the disciplinary hearing. Moreover, we note that there is nothing in this record to suggest that Lieutenant Block was incapable or irresponsible in conducting petitioner's disciplinary hearing. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.