# Craig Hansen v. Joseph Patrissi, Commissioner, Vermont Department of Corrections; Raymond Pilette, Superintendent, St. Johnsbury Correctional Facility

[576 A.2d 1255]

No. 89-363

Present: Allen, C.J., Peck, Gibson and Dooley, JJ.

Opinion Filed May 25, 1990

*Walter M. Morris, Jr.,* Defender General, *Jeffrey Dworkin,* Prisoners' Rights Office, and *Michael Cassidy,* Law Student Intern (On the Brief), Montpelier, for Plaintiff-Appellee.

*Jeffrey L. Amestoy,* Attorney General, Montpelier, and *John W. Kessler,* Assistant Attorney General, Waterbury, for Defendants-Appellants.

**Gibson, J.** The State appeals a superior court judgment granting plaintiff's habeas corpus petition and expunging a prison hearing officer's determination that plaintiff was guilty of escape. Upon review of the record, we conclude that the decision of the superior court must be vacated.

Plaintiff was furloughed from the St. Johnsbury prison from Sunday, November 13, 1988 at 7:00 p.m. until Sunday, November 27, 1988 at 7:00 p.m. On November 23, a prison official ordered plaintiff to return to the prison after plaintiff's parole officer had reported seeing plaintiff operating a motor vehicle in violation of his furlough. Plaintiff did not return to the prison until Monday, November 28 at approximately 1:00 p.m. He was charged with violating the Department of Corrections' disciplinary infraction "Escape, including 'walkaway' from furlough."

Following a disciplinary hearing, a prison hearing officer found plaintiff guilty of escape. Plaintiff appealed that determination to the Commissioner of Corrections and, while the appeal was pending, filed a habeas corpus petition in superior court on December 29, 1988, alleging that prison officials had infringed on his constitutional rights by arbitrarily charging him with escape rather than tardy return from furlough. On January 9, 1989, the Commissioner ordered a rehearing of the matter, stating: "It is not clear to me that the facts contained in the documentation for this appeal are adequately represented in the report of the Hearing Officer." A second hearing was held on January 13, 1989, and the hearing officer again found plaintiff guilty of escape.

Plaintiff then amended his habeas corpus petition, and filed a motion for summary judgment, arguing that it was improper for the Corrections Department to have held a second disciplinary hearing when there had been insufficient evidence at the first hearing to convict him of escape. Ruling solely on the decision made at the first hearing, the Caledonia Superior Court granted plaintiff's petition, stating that there was no evidence of an intent by plaintiff to leave custody. We conclude that the court's ruling was clearly erroneous for two reasons: (1) plaintiff's belated return to custody constitutes prima facie evidence of intent to escape, requiring that he come forward with a satis-

factory explanation to rebut this evidence; and (2) the merits of the first hearing were not properly before the trial court for review in the habeas corpus proceeding.

■■ The element of intent to escape from custody may be inferred from a prisoner's unauthorized extension of a furlough if there is no satisfactory explanation for the extension, even where the prisoner ultimately returns voluntarily. See *Commonwealth v. Meranda*, 2 Mass. App. Ct. 890, 891, 318 N.E.2d 926, 927 (1974) (intent to escape sufficiently established where furloughed prisoner voluntarily returned to custody a full day after expiration of the furlough period); cf. *State v. Lakin*, 131 Vt. 82, 85–86, 300 A.2d 554, 556 (1973) (evidence that prison officials tolerated prisoners' temporary unauthorized absences from minimum security facility to purchase merchandise might show defendant's lack of intent to escape where he left for short time to purchase alcohol). Inasmuch as plaintiff did not return to the prison until five days after he had been ordered to do so and one day after his furlough period had ended, the burden fell upon plaintiff to offer a satisfactory explanation for his delayed return. The trial court did not address this issue. The court's ruling that there was no evidence of plaintiff's intent to leave custody was clearly erroneous.

■■ Plaintiff characterizes the Commissioner's action following the first hearing as an order for a rehearing based on insufficient evidence, and argues that such an action was improper. See *Hartje v. Coughlin*, 70 N.Y.2d 866, 868, 517 N.E.2d 1348, 1348, 523 N.Y.S.2d 462, 463 (1987) (rehearing of disciplinary decision to allow prison officials to present additional evidence unaccountably withheld at first hearing was improper). But cf. *Smith v. Coughlin*, 137 A.D.2d 938, 939, 525 N.Y.S.2d 360, 361–62 (1988) (distinguishing *Hartje*, court held that rehearing, rather than expungement, was proper where hearing officer had erroneously refused to admit certain relevant evidence). The State concedes, and we agree, that it would be improper to order a rehearing solely because insufficient evidence had been presented at the first hearing. When the Commissioner stated, however, that he thought the facts were not "ade-

quately represented in the report of the Hearing Officer," his ruling clearly went to the adequacy of the hearing officer's findings of fact, not the sufficiency of the evidence at the first hearing, and the remand for a second hearing was perfectly proper. Cf. *Duval v. Duval*, 149 Vt. 506, 511, 546 A.2d 1357, 1361 (1988) (reversal and remand for rehearing appropriate remedy where trial court fails to make necessary findings, leaving Court to speculate as to basis of decision); *Saufroy v. Town of Danville*, 148 Vt. 624, 626, 538 A.2d 168, 169 (1987) (reversal and remand ordered where inadequate findings were made by Board of Appraisers). Consequently, the first hearing having been nullified, the issues concerning that hearing were not properly before the superior court.

*The order of the superior court is vacated.*