*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 13, 2015                520193
_____

In the Matter of RICHARD
    TEVAULT,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  June 8, 2015

Before:  Peters, P.J., Lahtinen, Lynch and Devine, JJ.

_____

        Richard Tevault, Dannemora, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Mott, J.),
entered November 25, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Commissioner of
Corrections and Community Supervision finding petitioner guilty
of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a
controlled substance after a sample of his urine twice tested
positive for buprenorphine.  He was found guilty of the charge
following a tier III disciplinary hearing and the determination
was affirmed on administrative appeal with a modified penalty.
Petitioner commenced this CPLR article 78 proceeding challenging
the determination and, following joinder of issue, Supreme Court

dismissed the petition.  Petitioner now appeals.

Petitioner's sole contention is that the lieutenant who presided over the hearing was not authorized pursuant to 7 NYCRR 254.1 to act as the Hearing Officer.  We disagree.  The regulation at issue provides, in relevant part, that the person appointed to conduct the disciplinary hearing "shall be either the superintendent, a deputy superintendent, captain or commissioner's hearing officer employed by the department's central office, but the superintendent may, in his or her discretion, designate some other employee to conduct the proceeding" (7 NYCRR 254.1).  In view of this, the lieutenant could properly be designated by the superintendent to conduct the hearing (see Matter of Goss v Kelly, 145 AD2d 936 [1988]; Matter of Purnell v Kelly, 115 AD2d 1010 [1985]).  Here, the lieutenant informed petitioner at the hearing that the superintendent had assigned him to be the Hearing Officer to preside over the hearing.  Notwithstanding petitioner's suggestion to the contrary, no specific documentation was necessary to effectuate this designation.  Therefore, Supreme Court properly dismissed the petition.

Peters, P.J., Lahtinen, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court