NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVIERRE JAY YOUNG, *Appellant.*

No. 1 CA-CR 14-0632
FILED 8-18-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-009158-003
The Honorable Robert E. Miles, Retired Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1 Davierre Young appeals his convictions and sentences for one count each of armed robbery, aggravated assault, and kidnapping. After searching the entire record, Young's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Young was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected to do. After reviewing the record, we find no error. Accordingly, Young's convictions and sentences are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2 Young and two associates were indicted on one count each of armed robbery, aggravated assault, and kidnapping,[2] based on an event

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict, with all reasonable inferences resolved against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2] As relevant here, a person commits armed robbery if "in the course of taking any property of another from his person or immediate presence and against his will," Ariz. Rev. Stat. (A.R.S.) § 13-1902 (2012), "[a] person or an accomplice: . . . [i]s armed with a deadly weapon or a simulated deadly weapon; or . . . [u]ses or threatens to use a deadly weapon," A.R.S. § 13-1904(A) (2012). A person commits aggravated assault when using a deadly weapon to "[i]ntentionally plac[e] another person in reasonable apprehension of imminent physical injury." A.R.S. §§ 13-1203(A)(2) (2012), -1204(A)(2) (2012). And, a person commits kidnapping by "knowingly restraining another person with the intent to . . . aid in the commission of a felony." A.R.S. § 13-1304(A)(3) (2012).

that occurred on January 7, 2012.[3]  All of the offenses were alleged to be dangerous offenses involving the use or exhibition of a deadly weapon.  *See* A.R.S. § 13-105(13).[4]

**¶3**          At trial, the State presented the following evidence: Early in the morning of November 7, 2012, R.P. was walking home from a hookah lounge near 19th Avenue and Osborn in Phoenix, Arizona when a dark SUV with a white sticker on the back windshield pulled over nearby.  Three men exited the vehicle.  One pointed a black revolver at R.P. while another tried to punch him in the face.  Ultimately, two men held R.P.'s arms and rifled through his pockets while the third kept the gun pointed between his eyes.  During this time, R.P. was "in fear for [his] life."  The men took R.P.'s wallet and cell phone from his pockets, got back into the SUV, and drove northbound on 19th Avenue.  Shaken, R.P. returned to the hookah lounge and called the police.  R.P. described the three men, their vehicle, and their direction of travel.  Another witness provided a license plate number.

**¶4**          Officers located the SUV at a nearby Wal-Mart.  After a short vehicle pursuit, the suspects crashed the SUV into a block wall at an apartment complex, and a police air unit flew over the scene as three subjects "took off running" from the vehicle.  Young and his associates were apprehended shortly thereafter.  After he was taken into custody, the man later identified as Young, asked: "So am I going to get booked?  Or what's going to happen?"

**¶5**          R.P. identified each of the individuals as involved in the robbery in separate one-on-one identifications.  He described Young's role in the events as holding his left arm and rifling through his left side pockets, which were empty.  R.P. also identified the SUV crashed into the block wall as the vehicle the men were traveling in.

**¶6**          Surveillance video from the Wal-Mart and a nearby convenience store showed the three men together both before and after the robbery.  Young is seen wearing a black leather jacket and a brown rosary around his neck.

---

[3]      Young's associates were tried separately on these charges, as well as additional counts of attempted armed robbery, kidnapping, aggravated assault, and burglary.

[4]      Absent material changes from the relevant date, we cite a statute's current version.

¶7 A black revolver was recovered from the ground near Young's associates' feet when they were arrested. The firing pin had been removed but was discovered nearby. Together, they were assembled into a functioning firearm. R.P.'s wallet, driver's license, social security card, debit card, and cell phone were recovered from the SUV. The police also recovered a torn piece of leather jacket from the ground in the direction Young fled, and a brown rosary was among the personal possessions removed from Young at the time he was booked.

¶8 At the close of State's evidence, Young's counsel moved for judgment of acquittal under Arizona Rule of Criminal Procedure 20, arguing insufficient evidence to support findings that: (1) the firearm was functioning at the time of the events, (2) R.P. was in imminent fear of physical injury or death, or (3) Young had any criminal intent. The motion was denied.

¶9 Young testified in his defense. He admitted he was riding in a dark SUV with his associates on November 7, 2012 and stopped at the convenience store to buy cigarettes. When the convenience store would not sell to them because they were underage, an associate spotted R.P. walking on the sidewalk and suggested they ask him to buy the cigarettes. Young maintained that he did not plan to rob R.P., did not know his associate had a firearm, and did not touch R.P. or otherwise participate in the robbery. Young stated he was "shocked" by the events and only got back into the car because he needed a ride to his grandmother's house.

¶10 During cross-examination, the State asked Young: "Now, never once when you were with police did you say something like, 'Hey, I wasn't involved with this,' did you?" The trial court sustained Young's counsel's objection that the question impermissibly commented on his prior invocation of the right to remain silent, but denied the motion for mistrial on this basis.

¶11 The jury found Young guilty as charged and determined the offenses were dangerous offenses as defined in A.R.S. § 13-105(13). Young was sentenced to slightly mitigated prison terms of nine years for the armed robbery and kidnapping, and six and a half years for the aggravated assault, with the terms to run concurrently. Young timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶12 Within his supplemental brief, Young argues: (1) the one-on-one identification by R.P. "was coercive and highly suggestive," and should

have been excluded from trial, and (2) the trial court erred in denying his counsel's motion for a mistrial. Because Young did not raise these arguments below, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). We find none.

**¶13** First, although "[a]n inherently suggestive one-person show-up identification procedure implicates due process," it is nonetheless admissible if it is sufficiently reliable. *State v. Rojo-Valenzuela*, 716 Ariz. Adv. Rep. 7, ¶¶ 1, 7 (2015). We need not consider this issue, however, because during the course of his testimony at trial, Young admitted he was present when R.P.'s property was taken at gunpoint on November 7, 2012, admitted he went to the convenience store and Wal-Mart with his associates, and admitted he fled from the crashed SUV when pursued by law enforcement. Even if there were not sufficient indicia of reliability and other substantial evidence corroborating the on-scene identification, its admission was harmless beyond a reasonable doubt in light of Young's admissions under oath that he was present during the crimes. *See State v. White*, 16 Ariz. App. 514, 516 (1972) (concluding that any error in giving the jury instruction regarding flight in a prosecution for escape was harmless beyond a reasonable doubt where defendant testified and admitted to the escape) (citing *State v. Hixson*, 16 Ariz. App. 251, 254 (1972)).

**¶14** Second, while comment upon a defendant's silence may be error, *State v. Davis*, 119 Ariz. 529, 533 (1978), even constitutional error is not reversible if it is harmless beyond a reasonable doubt, *Chapman v. California*, 386 U.S. 18, 24 (1967). Here, the State asked a single question. The defense objection was sustained, and the jury was instructed to disregard the testimony. The State did not further pursue the line of questioning, nor was there any argument made to the jury attempting to draw any inference from the testimony. *See State v. Peterson*, 107 Ariz. 268, 270-71 (1971) (affirming denial of a motion for mistrial after concluding any error was harmless beyond a reasonable doubt under similar circumstances); *see also State v. Anderson*, 110 Ariz. 238, 240-41 (1973) (noting a single question and answer regarding a defendant's failure to tell his story to the police, standing alone without objection or further discussion, might not rise to the level of reversible error). Under these circumstances, we are convinced that what occurred was harmless beyond a reasonable doubt and did not warrant a mistrial.

**¶15** Having reviewed the entire record for reversible error, we find none. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). Reasonable evidence was presented to support the jury's verdict that Young was a "hands-on"

participant in the armed robbery, aggravated assault, and kidnapping of R.P. Young not only accompanied his associates, but held R.P.'s arms and actively searched his pockets while an associate held a revolver to R.P.'s forehead.

**¶16** All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Young was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Young was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. § 13-704(A).

**CONCLUSION**

**¶17** Young's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Young's representation in this appeal have ended. Defense counsel need do no more than inform Young of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶18** Young has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we grant Young thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama